**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

LATISHA MITCHELL                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:13-CV-00049-SA-DAS

CITY OF TUPELO, MISSISSIPPI                                                                DEFENDANT

## ORDER ON MOTION IN LIMINE

Presently before the Court is Defendant's Motion in Limine [79]. Defendant seeks to exclude at trial the introduction of documents, testimony, and/or statements to the jury relating to several matters. The Court addresses each of Defendant's requests in turn.

*Observance of Robert E. Lee's Birthday*

Defendant seeks to preclude Plaintiff from introducing any evidence regarding the claim that Larry Montgomery, Plaintiff's supervisor at the Tupelo Municipal Court, posted a notice that the court would be closed in observance of Robert E. Lee Day rather than Martin Luther King, Jr. Day. Plaintiff offered evidence relating to this incident at the summary judgment stage in support of her claim for discrimination on the basis of race in violation of Title VII. The Court granted summary judgment as to that claim and the only claims remaining for trial are Plaintiff's claims for disability discrimination in violation of the Americans with Disabilities Act ("ADA") and retaliation in violation of Title VII. In gauging the relevance, or lack thereof, of potential evidence, the question before the court is whether such evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and secondly, whether "[that] fact is of consequence in determining the action." FED. R. EVID. 401(a) and (b). In light of the Court's prior ruling, therefore, and to the extent Plaintiff may seek to introduce such

evidence to prove Defendant discriminated against her based on her race, Defendant's motion is granted.

*Preferential Treatment of Paula Furniss*

Defendant also seeks to exclude any evidence relating to Plaintiff's claim that Montgomery showed preferential treatment to a white employee, Paula Furniss, with regard to leave. Again, Plaintiff offered this evidence at summary judgment in support of her race discrimination claim. For the same reasons the Court has found Defendant's motion must be granted with respect to Montgomery's alleged observance of Robert E. Lee Day, the Court finds Defendant's motion with regard to Montgomery's treatment of Furniss is likewise granted.

*Preferential Treatment of Buddy Bell*

Next, Defendant moves the Court to exclude any evidence that, unlike Plaintiff, Defendant allowed a white male, Buddy Bell, to work as a bailiff without the requirement that he requalify with a firearm. Defendant argues that, even if Bell was allowed to work without being required to requalify, it would have been the result of an error by the Northeast Mississippi Law Enforcement Training Academy, not the Municipal Court.[1] However, Plaintiff testified that during the time Bell worked as a bailiff, none of the bailiffs were required to qualify with a firearm. Whereas Plaintiff claims Defendant failed to reasonably accommodate her by refusing to relieve her of the requirement of qualifying with a firearm, and central to that claim is a determination regarding whether qualifying with a firearm is an essential function of the bailiff position, the Court finds that evidence that bailiffs were not always required to qualify with a firearm is relevant. See FED. R. EVID. 401(a) and (b) (Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence," where

---

[1] It is undisputed that the Municipal Court, where Plaintiff worked as a bailiff, functioned separately from the Police Department and had at least some autonomy in its day-to-day operations.

"[that] fact is of consequence in determining the action."). Further, though relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, the Court perceives no such risk here. FED. R. EVID. 403. Accordingly, the Court denies Defendant's motion with regard to such evidence without prejudice.

*Preferential Treatment of Other Officers Under Investigation*

Defendant seeks to exclude the introduction of any evidence pertaining to the claim that, unlike Plaintiff, two officers were allowed to continue to engage in off-duty employment while under investigation by Defendant. Defendant argues first that, unlike Plaintiff, these officers were not bailiffs. However, the policy Defendant allegedly relied upon in prohibiting Plaintiff's off-duty employment was a Tupelo Police Department policy and was not limited to Municipal Court bailiffs. Second, Defendant contends that the policy prohibiting officers from engaging in off-duty employment while under internal investigation was not promulgated until September 2011, and thus any evidence regarding officers' off-duty employment prior to that time is irrelevant and prejudicial.

The record at summary judgment was unclear and incomplete as to the relevant time periods the policy at issue was enacted, the officers in question were allegedly under investigation but allowed to continue off-duty employment, and the enforcement of the policy at issue. In gauging the relevance, or lack thereof, of potential evidence, the question before the Court is whether such evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and secondly, whether "[that] fact is of consequence in determining the action." FED. R. EVID. 401(a) and (b). In doing so, the Court should remain mindful that the "standard for relevance is a liberal one." Kelly v. Boeing Petroleum Serv's. Inc., 61 F.3d 350, 357 (5th Cir. 1995). Based on the present record, the Court finds that evidence

regarding other officers' continued off-duty employment while under investigation is relevant to Plaintiff's retaliation claim. Further, the Court presently perceives of no particular risk of undue prejudice under Rule 403, although Defendant may re-urge such an objection at trial if necessary. Accordingly, Defendant's motion with regard to such evidence is denied without prejudice.

*Medical Records*

Additionally, Defendant seeks to exclude Plaintiff's medical records that it contends were not provided to Defendant during the period of time at issue in this matter[2] and any testimony related to the content of those records. As the Court explained in its previously entered memorandum opinion, a plaintiff seeking to establish a prima facie case of discrimination based on failure to accommodate a disability must show that "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen., 730 F.3d 450, 452 (5th Cir. 2013) (quotation marks and citations omitted). Thus, whether Plaintiff was disabled and whether Defendant knew Plaintiff was disabled are separate issues for a jury to determine. The Court finds that Plaintiff's medical records are relevant to the issue of whether Plaintiff was disabled. Additionally, the Court perceives of no risk that the value of such evidence would be substantially outweighed by any danger of unfair prejudice. Defendant's motion as to such evidence is denied without prejudice.

*Municipal Court Restructuring*

Defendant also seeks to exclude any evidence relating to the recent restructuring of the Tupelo Municipal Court that occurred sometime after July 1, 2014. Plaintiff argues that Defendant has restructured the Municipal Court so as to avoid reasonably accommodating her by

---

[2] Defendant does not contend that these records were withheld in discovery.

4

preventing Plaintiff from qualifying for a vacant position there.  However, Plaintiff has not sought to amend her complaint to include any claim that Defendant failed to reasonably accommodate her by restructuring the Municipal Court.  Further, the Court denied Defendant's Motion for Summary Judgment [64] with regard to Plaintiff's claim for disability discrimination specifically because it found genuine issues of material fact exist with regard to Plaintiff's claims that Defendant failed to accommodate her by failing to hire her as the Work Program Coordinator and by refusing to restructure the bailiff position in such a way that Mitchell could continue in the position without being required to recertify with a firearm or participate in serving warrants or executing arrests.  Plaintiff has not shown that evidence regarding the restructuring of the Municipal Court is relevant to either of these claims.

Additionally, to the extent that Plaintiff attempts to assert a new failure to accommodate claim based upon the restructuring of the Municipal Court, "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." Cutrera v. Bd. of Sup'rs of Louisiana State Univ., 429 F.3d 108, 113 (5th Cir. 2005) (citation omitted); accord Green v. JP Morgan Chase Bank, N.A., 562 F. App'x 238, 240 (5th Cir. 2014) ("district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment.") (citation omitted).  Defendant's motion with regard to the restructuring of the Municipal Court is granted.

*Privilege Log*

Finally, Defendant argues that certain documents protected by the attorney-client privilege were inadvertently disclosed to Plaintiff in the course of discovery and that Plaintiff should be precluded from introducing those documents at trial.  Defendant offers its privilege log

5

and moves the Court to exclude all documents identified therein as privileged and to prohibit Plaintiff from referencing the content of those documents in any way. Plaintiff, however, argues that the documents in question are not privileged and that regardless Defendant has waived any claims of privilege by producing the documents to the EEOC in response to Plaintiff's charges and by failing to file a motion to strike after Plaintiff offered one of the documents into the summary judgment record.

Federal Rule of Civil Procedure 26(b)(5)(B) provides, "[i]f information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it." Defendant submitted its privilege log to Plaintiff setting forth the documents it contended were subject to attorney-client privilege prior to the conclusion of the discovery period. Once Plaintiff was notified of Defendant's claims of privilege, her duty was to "promptly return, sequester, or destroy the specified information and any copies it has;" to "not use or disclose the information until the claim is resolved;" and to "take reasonable steps to retrieve the information if the party disclosed it before being notified." Id. Further, the Rules specify that Plaintiff had the option to "promptly present the information to the court under seal for a determination of the claim." Id. Whereas Plaintiff has not submitted any such information under seal, the Court has not had the opportunity to review the disputed documents to determine what, if any, privilege may properly apply.[3] Thus, any determination as to waiver would be premature, and the Court accordingly defers ruling on the issue until trial, at which time the Court will be better able to

---

[3] The Court notes that it has had the opportunity to review the contents of one of the allegedly privileged documents as it was attached to Plaintiff's Response in Opposition [72]. However, given the requirements of Rule 26(b)(5)(B) that Plaintiff "not use or disclose the information until the claim is resolved," the Court finds it appropriate to consider its admissibility in conjunction with the other disputed documents.

6

determine what, if any, privilege may apply and whether Defendant has waived such privilege. Defendant's motion in this regard is deferred until trial, where it should be re-urged if necessary.

*Conclusion*

For the foregoing reasons, the Court finds Defendant's Motion in Limine should be GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 12th day of September, 2014.

          /s/ Sharion Aycock          
          UNITED STATES DISTRICT JUDGE